# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

RONALD GILBERT STRICKLAND,   Case No. 07-11206-RGM
                             (Chapter 13)
    Debtor.

## MEMORANDUM OPINION

THIS CASE was before the court on June 11, 2008, on the trustee's motion to dismiss for failure to make plan payments. The trustee filed his motion and served it on counsel on April 30, 2008. The scheduled court hearing date was June 11, 2008. In the afternoon of June 10, 2008, debtor's counsel filed a written motion requesting a continuance stating that "counsel has three previously scheduled matters in U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond, Division". In addition, counsel stated that he additional time to confer with his client. Counsel for the debtor did not appear.

It appears that the debtor is significantly delinquent in the payment of his plan payments to the trustee. The last payment was made on December 10, 2007. In fact, the debtor has made only three plan payments since May, 2007. One was the first plan payment which was made immediately before the confirmation of the case. The last two payments were in November and December, 2007. Relief from stay has been granted to Countrywide Home Loans, Inc., to enforce its rights under its Deed of Trust. This is the second chapter 13 case filed by the debtor. The first was filed on January 9, 2006, Case No. 06-10009-RGM. The first case was dismissed on January 29, 2007. The present case was filed May 12, 2007. William E. Seals was counsel in both the prior case and the present case. The court notes that the chapter 13 trustee filed his motion on April 30, 2008, but that the three matters that counsel states were "previously

scheduled" were in fact scheduled in the Richmond Division, (Case No. 08-31156) it appears that Docket Entry No. 19, a motion for relief from stay, was noticed for the June 11, 2008 hearing date on May 19, 2008. Docket Entry No. 23, an application to employ counsel, was noticed on May 22, 2008, and Docket Entry No. 1, the status hearing, was previously held on May 14, 2008 and continued to June 11, 2008. It would appear at first blush that the matter scheduled in this court was the first matter scheduled and that counsel's statement in his motion for continuance was in error.

Without regard to the fact that the matters in this court were first scheduled, it appears that the trustee's motion ought to be granted. This is the debtor's second filing. He is in significant default of his plan payments. He is obviously in default of his mortgage payments because relief from the stay has been granted. The protection of the debtor's home appears to have been the motivating factor in the filing of this second case and that objective now appears to be unattainable.

Debtor's counsel had almost six weeks in which to contact his client or to file a motion for continuance if the date this matter was scheduled conflicted with other dates. It is not appropriate to file a motion for continuance the afternoon before the hearing.

Continuances are not routinely granted. No good cause has been shown in this case. The motion for continuance will be denied and the trustee's motion to dismiss will be granted. It is, therefore

ORDERED:

1. The debtor's motion for a continuance is denied.

DONE at Alexandria, Virginia, this 11th day of June, 2008.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

William E. Seals
Gerald M. O'Donnell

14345